# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

AMANDA SHORT,

     PLAINTIFF,

v.                              CIVIL ACTION NO.:

HCA HEALTH SERVICES
OF FLORIDA, INC.
D/B/A WEST FLORIDA MEDICAL
GROUP.
     DEFENDANTS.
_____/

## COMPLAINT

Plaintiff, Amanda Short, (hereinafter referred to as the "Plaintiff" or "Short"), by and through her undersigned attorney, sues Defendants, HCA Health Services of Florida, Inc. d/b/a West Florida Medical Group, (hereinafter referred to as the "Defendant" or "WFMG") and alleges as follows:

### *INTRODUCTION*

1. Plaintiff brings this action to remedy acts of discrimination and retaliation pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

### *JURISDICTION AND VENUE*

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

§2000e-5(f).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202231660) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200079) on October 22, 2021. On April 14, 2022, Plaintiff received Notice of Determination from FCHR pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90-day Notice of Right to Sue letter from the EEOC which was received on June 14, 2022.

## *PARTIES*

7. Plaintiff is a Caucasian female and a citizen of the State of Florida, who resides in Escambia, Florida.

8. Defendant, HCA Health Services of Florida, Inc. d/b/a West Florida Medical Group, is a corporation that is licensed to do and does business in the State of Florida, Escambia County.

9. Defendant, HCA Health Services of Florida, Inc. d/b/a West Florida Medical Group, is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as it employees in excess of fifteen (15) employees.

10. Defendant, HCA Health Services of Florida, Inc. d/b/a West Florida Medical Group, is an employer within the meaning of, and as defined in, the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employees in excess of ten (10) employees.

## *GENERAL FACTS*

11. Plaintiff is a 33-year-old Caucasian female.

12. Plaintiff was employed by West Florida Medical Group ("WFMG") as a certified medical assistant from July 19, 2021 until August 11, 2021.

13. During her employment with Defendant, Plaintiff performed the duties and responsibilities of her position in a satisfactory manner and was not the

subject of any disciplinary issues.

14. Prior to beginning her employment with Defendant, Plaintiff worked with a doctor in private practice for eight (8) years.

15. This same doctor joined WFMG's orthopedic department, and Plaintiff followed him to WFMG to work with him.

16. As a certified medical assistant, Plaintiff took patient vitals and entered the data and other information into a patient's chart.

17. After having started her position with Defendant, Plaintiff learned that Bradley Nesmith (male medical assistant) was not actually taking patient vitals but was logging into patient charts and reentering past information and falsifying patient vitals in their charts.

18. Plaintiff reported this to both Amanda Graham and Sandy Moore, but nothing was done about it, and he was allowed to continue working and doing the same thing over and over again.

19. Mr. Nesmith's fraudulent charting was originally reported in a verbal conversation with Amanda Graham at the beginning of the week of July 26, 2021.

20. On August 3, 2021, Plaintiff sent a text message to Amanda informing her that Mr. Nesmith was still not actually taking patient vitals but was just continuing to make up vitals based on prior ones in the patient's chart.

21. Both Amanda and Sandy knew that Mr. Nesmith did not have his

medical assistant certification, yet he was accessing patient's private health care information and worse, inputting fraudulent vitals into patient charts.

22. Amanda knew that Mr. Nesmith was not certified and did not have access to the Defendant's patient system because she instructed Plaintiff to let Mr. Nesmith use her password. When Plaintiff refused, Amanda gave her password to Mr. Nesmith to use to log into the system and enter patient information.

23. After having reported Mr. Nesmith's fraudulent charting to both Amanda and Sandy, and after having refused to give Mr. Nesmith her log in password, Amanda and Sandy began to treat Plaintiff differently and began to overly criticize her performance.

24. All the while, Amanda and Sandy continued to ignore the fact that Mr. Nesmith was entering fraudulent vitals into patient charts and treated Mr. Nesmith more favorably than Plaintiff.

25. When Plaintiff objected to and complained about their overt favoritism towards Mr. Nesmith, the criticism of Plaintiff by Sandy and Amanda escalated.

26. On August 11, 2021, approximately two weeks after having reported Mr. Nesmith's actions and having complained of less favorable treatment compared to Mr. Nesmith, Plaintiff's employment was terminated by Sandy for inappropriate text messages to Amanda about Mr. Nesmith.

## FIRST CAUSE OF ACTION
*(Title VII - Gender Discrimination)*

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 9 and 11 through 26 of this complaint with the same force and effect as if set forth herein.

28. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

29. Plaintiff is a Caucasian female.

30. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Amanda and Sandy's continued unfavorable treatment of her compared to that of Mr. Nesmith.

31. No male employees were the subject of harassment by Amanda and Sandy.

32. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
*(Title VII - Retaliation)*

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 9 and 11 through 26 of this complaint with the same force

and effect as if set forth herein.

34. Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

35. Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

36. Plaintiff is a Caucasian female.

37. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of continued unfavorable treatment of her compared to that of Mr. Nesmith.

38. No male employees were the subject of harassment by Amanda and Sandy.

39. Plaintiff reported the unfavorable treatment compared to Mr. Nesmith on more than one occasion.

40. On August 11, 2021, approximately two (2) weeks after having reported Mr. Nesmith's actions and complained of less favorable treatment, Plaintiff's employment was terminated by Sandy for inappropriate text messages to Amanda about Mr. Nesmith.

41. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## FIFTH CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105- against PBSS)

42. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 7 through 8 and 10 through 26 of this complaint with the same force and effect as if set forth herein.

43. This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

44. At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

45. At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

46. Most recently, Plaintiff was employed as a certified medical assistant, and she was qualified for the position.

47. Plaintiff reported this to both Amanda Graham and Sandy Moore, but nothing was done about it, and he was allowed to continue working and doing the same thing over and over again.

48. Mr. Nesmith's fraudulent charting was originally reported in a verbal conversation with Amanda Graham at the beginning of the week of July 26, 2021.

49. On August 3, 2021, Plaintiff sent a text message to Amanda informing her that Mr. Nesmith was not actually taking patient vitals again but was just

making up vitals based on prior ones in the patient's chart.

50. Both Amanda and Sandy knew that Mr. Nesmith did not have his medical assistant certification, yet he was accessing patient's private health care information and worse, inputting fraudulent vitals into patient charts.

51. Amanda knew that Mr. Nesmith was not certified and did not have access to the Defendant's patient system because she instructed Plaintiff to let Mr. Nesmith use her password. When Plaintiff refused, Amanda gave her password to Mr. Nesmith to use to log into the system and enter patient information.

52. On August 11, 2021, approximately two (2) weeks after having reported Mr. Nesmith's actions and complained of less favorable treatment, Plaintiff's employment was terminated by Sandy for inappropriate text messages to Amanda about Mr. Nesmith.

53. There was no substantive or reasonable business justification for the termination of Plaintiff's employment, she had not been previously warned of a deficient job performance.

54. Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely falsification of patient charts, HIPPA, Medicare and Medicaid fraud.

55. Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated after her continued objections to the Defendant regarding falsification of patient charts, HIPPA, Medicare and Medicaid fraud and continued retaliation and harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for preventing falsification of patient charts, HIPPA, Medicare and Medicaid fraud..

56. There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

57. The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

58. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

59. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

60. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

61. Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII, Florida Private Sector Whistleblower Act;

b) Enjoining and permanently restraining those violations of t, Title VII, Florida Private Sector Whistleblower Act;

c) Directing the Defendant to take such affirmative action as is necessary

to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

  d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make him whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

  e) Awarding Plaintiff Front Pay in lieu of reinstatement;

  f) Awarding Plaintiff compensatory damages;

  g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

  h) Granting such other and further equitable relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                   Respectfully submitted,

Dated: September 6, 2022.     By: */s/ Clayton M. Connors*
                    CLAYTON M. CONNORS
                    Florida Bar No.: 0095553
                    Email: cmc@westconlaw.com
                    **THE LAW OFFICES OF**
                    **CLAYTON M. CONNORS, PLLC**

4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel:  (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*